## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

UNITED STATES OF AMERICA

v.                                               CRIMINAL ACTION NO.  5:22-cr-00105

LITEEF HUGHES

### MEMORANDUM OPINION AND ORDER

On May 24, 2024, the Court convened for sentencing. The hearing was continued
for briefing on whether Defendant Liteef Hughes qualifies as a career offender in view of the recent
decision in *Brown v. United States*, 602 U.S. ___, 144 S. Ct. 1195 (2024). The matter is ready for
adjudication.

### I.

On September 1, 2022, Mr. Hughes pled guilty to distributing a quantity of cocaine
base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). [ECF 36]. Mr.
Hughes has two prior state felony convictions for possession with intent to distribute cocaine,
respectively, in 2004 and 2009. [PSR ¶¶ 42, 44]. These prior convictions were for violations of
Maryland Criminal Code § 5-602. [ECF 60]. The Government objected to the Probation Officer's
failure to recommend Mr. Hughes be categorized as a career offender under U.S.S.G. § 4B1.1. The
Court overruled the objection and concluded Mr. Hughes was not a career offender. [ECF 65]. The
Court relied by analogy upon our Court of Appeals' analysis in *United States v. Hope.* 28 F.4th
487, 504 (4th Cir. 2022) (comparing the previous state offense statute in effect at the time of the

prior convictions with federal law at the time of the federal sentencing). The Court thus compared the federal definition of "cocaine" at the time of sentencing in this case with Maryland's definition of "cocaine" at the time Mr. Hughes was sentenced for his 2004 and 2009 convictions. 21 C.F.R. § 1308.12(b)(4)(iii); Md. Code, Crim. Law § 5-403(b)(3)(v) (2003 and 2009). The Court concluded a categorical match was absent, and Mr. Hughes could not be considered a career offender.

The day prior to sentencing, the Supreme Court entered *Brown.* The recent decision holds "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules *at the time of that offense.*" 144 S. Ct. at 1210 (emphasis added).

## II.

The Court does not lightly veer away from even an analogous, authoritative decision of our Court of Appeals. That is so for a variety of reasons, not the least of which is that "A decision of a[n appellate] panel of . . . [our Court of Appeals] becomes the law of the circuit and is binding on other panels [--and necessarily district courts in the circuit--] unless it is overruled by a subsequent en banc opinion of . . . [the Court of Appeals] or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (quoting *Etheridge v. Norfolk & W. Ry. Co.*, 9 F.3d 1087, 1090 (4th Cir. 1993)); *see also United States v. Dodge*, 963 F.3d 379, 383 (4th Cir. 2020); *United States v. Brooks*, 524 F.3d 549 (4th Cir. 2008). Despite the "contrary decision" exception, it is best left to the Court of Appeals' – in the mine run of cases – to ascertain in the first instance whether an intervening Supreme Court decision is properly characterized as recasting the otherwise binding circuit precedent.

Nevertheless, the clarity with which the Supreme Court has spoken in *Brown*

necessitates the Court's reliance thereupon herein. This is especially so considering our Court of Appeals is "guided by the 'nearly identical' and 'materially indistinguishable' language" contained in both the ACCA and the career offender provision of the Guidelines and has recognized "that precedents evaluating the ACCA apply with equal force to [Guidelines section] 4B1.2." *United States v. Jenkins*, 631 F.3d 680, 683 (4th Cir. 2011). With *Brown* treated as controlling, a comparison between the federal definition of "cocaine" in 2004 and 2009 with the Maryland definition of "cocaine" in 2004 and 2009 results in a categorical match. Thus, Mr. Hughes' two prior felony convictions satisfy the requirement that he have "at least two prior felony convictions of . . . a controlled substance offense" pursuant to U.S.S.G. § 4B1.1. He is thus properly categorized as a career offender.

### III.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:       July 11, 2024



Frank W. Volk
United States District Judge